```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
KENNETH RAY TINDER,               )
                                  )    Bankruptcy No. 05-01190
     Debtor.                      )
----------------------------      )
KENNETH RAY TINDER,               )
                                  )    Adversary No. 06-9106
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
U.S. DEPARTMENT OF EDUCATION,     )
et al,                            )
                                  )
     Defendants.                  )
```

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

This matter came before the undersigned on August 17, 2007 on United States of America's Motion for Summary Judgment. The U.S. Department of Education was represented by Assistant U.S. Attorney Stephanie Wright. Attorney Steve Klesner appeared for Debtor Kenneth Tinder. Attorney Chris Foy represented Defendant/Intervenor Educational Credit Management Corp. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtor's complaint seeks a determination that student loan debts are dischargeable for undue hardship under 11 U.S.C. § 523(a)(8). One of the student loan creditors, the Department of Education ("the DOE"), moves for summary judgment, asserting that facts are not in dispute and it is entitled to a ruling that repayment of its claim would not impose an undue hardship on Debtor. Debtor resists. He argues there are many issues of fact to consider in ruling on § 523(a)(8) undue hardship.

From the parties' Joint Pretrial Statement filed July 23, 2007, it is apparent that the DOE holds a claim of approximately $6,600 and Defendant ECMC holds a claim of approximately $86,600. Debtor seeks to discharge both of these student loan debts. Only the DOE has requested summary judgment in its favor.

**CONCLUSIONS OF LAW**

    A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law.  Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party.  In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).  The moving party has the burden of showing that there is no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

    Summary judgment "is one of the primary weapons in the Federal Rules of Civil Procedure arsenal, all of which are to 'be construed to secure the just, speedy, and inexpensive determination of every action.'"  Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993), quoting Fed. R. Civ. P. 1.  The purpose of a partial summary judgment motion is to speed up litigation.  In re G-I Holdings Inc., 2007 WL 1412294, *3 (D.N.J. 2007).  "Where, however, the adjudication of such a motion would not serve this purpose, the Court may exercise its inherent discretion and deny such a motion."  Id. In its discretion in shaping a case for trial, the Court may deny partial summary judgment for the purpose of achieving a more orderly or expeditious handling of the entire litigation.  Powell v. Radkins, 506 F.2d 763, 765 (5th Cir. 1975).

    The Bankruptcy Code excludes student loans from discharge "unless excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents."  11 U.S.C. § 523(a)(8).  The debtor must prove the existence of undue hardship by a preponderance of the evidence.  In re Cheney, 280 B.R. 648, 659 (N.D. Iowa 2002).  The Eighth Circuit standard for examining undue hardship in the context of discharging student loans is the "totality of the circumstances" test.  In re Reynolds, 425 F.3d 526, 532 (8th Cir. 2005).  The test has three factors:

    1.   the debtor's past, present, and reasonably reliable future financial resources;

    2.   a calculation of the debtor's and her dependent's reasonable necessary living expenses; and

    3.   any other relevant facts and circumstances surrounding each particular bankruptcy case.

Id.

**ANALYSIS**

As Debtor points out, an examination of undue hardship under § 523(a)(8) is fact intensive. If any relevant facts are controverted, the issue of undue hardship is not amenable to summary judgment. Furthermore, in this case, even if the Court granted summary judgment to the DOE, it would still need to examine the totality of the circumstances under Reynolds because dischargeability of the student loan held by ECMC would remain in issue.

The Court acknowledges that counsel for the DOE has presented materials and arguments for summary judgment which are compelling. In this situation, however, granting summary judgment to one of the Defendants will not serve the purpose of a partial summary judgment which is to speed up litigation. As such, the Court chooses to exercise its discretion to deny DOE summary judgment in favor of ruling on all issues with a fully developed record after trial.

**WHEREFORE**, United States of America's Motion for Summary Judgment is DENIED.

DATED AND ENTERED:  August 31, 2007

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE